## James M. Fargo *vs.* Edmund H. Saunders.

If the members of a voluntary trading association have voted to close its business and divide its property among themselves, and the property on hand has accordingly been divided into separate parts, one for each share, and the affairs of the company are not adjusted, and debts remain due to and from it, the claim of one of the members for his part of the property is not a proper subject of set-off in an action upon a note given by him to the treasurer of the company.

CONTRACT upon a promissory note given by the defendant to the plaintiff, as treasurer of the Farmers' Company, an unincor-porated trading association in Monterey. The defendant filed an account in set-off, embracing, among other items, claims for goods which, upon a division of the property of the company, were assigned to two shares in the company owned by him.

A trial by jury was waived in the superior court, and the case was heard before *Ames*, J., who found that in June 1860 the de-fendant received notice that the company had decided to close its business and divide its property among the members, and, the property on hand having been divided into separate parts, one for each share held in the company, the defendant attempted to

remove the goods assigned to his shares, but was forbidden to do so unless he paid for them in money, or gave a note with surety for the payment of his proportion of the debts of the company, if any assessment should be made for them ; and accordingly, these terms being refused, the goods never came into his possession, but were sold and converted into money by the company. Debts to and from the company still remained due. The judge ruled that the defendant was not entitled to be allowed for these items of set-off, and found for the plaintiff. The defendant alleged exceptions.

*J. Branning*, for the defendant.

*J. E. Field*, for the plaintiff.

MERRICK, J. So much of the account filed in set-off as is now objected to by the plaintiff is a claim of the defendant against the Farmers' Company, a voluntary association, of which he is a member. The affairs of the company are in the course of settlement, it having been determined by the partners to bring its business to a close. But this has not yet been fully accomplished ; there still remain claims to be collected and debts due from them to be paid. One partner cannot maintain an action against a company of which he is a member, to recover a claim due from the partnership to himself, until all its affairs have been fully adjusted, and nothing remains but to make a final distribution of its effects among those entitled to receive them, in proportion to their respective shares or interest in the concern. *Williams* v. *Henshaw*, 12 Pick. 378. There is nothing to distinguish the claim of the defendant in the present case, so as to take it from the operation of the general rule. He cannot, therefore, avail himself of it in set-off against, or in defence of, the present action, because a claim can be applied to such purpose in those cases only in which the party to whom it is due could otherwise maintain an action for its recovery. The ruling of the court was correct, and the exceptions thereto must be overruled, and judgment entered on the verdict.